UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DIRK MARTIN MAYBERRY,

    Defendant.

CASE NO. CR87-221JAT/BHS

ORDER DENYING
DEFENDANT'S MOTION
FOR CLARIFICATION OF
CRIMINAL CONVICTION

This matter comes before the Court on Defendant's Motion for Clarification of Criminal Conviction (Dkt. 141). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 18, 1988, the Honorable Jack E. Tanner issued an order of Judgment and Commitment as to Defendant Dirk Martin Mayberry. Dkt. 143 at 4-6. On September 24, 2008, Defendant filed a Motion for Clarification of Criminal Conviction. Dkt. 141. Defendant requests "an order to clarify that the Judgment and Commitment entered on July 18, 1988 does not affect [his] right to vote." *Id*. at 1.

ORDER - 1

## II. DISCUSSION

Article VI, Section 3 of the Washington Constitution disqualifies from the elective franchise "All persons convicted of infamous crime unless restored to their civil rights." Defendant would like to vote in the upcoming election and requests a ruling from this Court whether his crime is an "infamous crime." Dkt. 141 at 2-4.

The Court is unable to reach the merits of Defendant's request, as the Court is uninformed as to whether Defendant has lost his civil rights in Washington. Moreover, even if it is established that Defendant is presently deprived of his right to vote, the Court is not the appropriate forum to seek restoration of his civil rights. Washington has established the clemency and pardons board, which is directed as follows:

> The board shall receive petitions from individuals or organizations for the restoration of civil rights lost by operation of state law as a result of convictions for federal offenses or out-of-state felonies. The board may issue certificates of restoration limited to the elective rights to vote and to engage in political office.

RCW 9.94A.885(2). Defendant has failed to show that this is the appropriate forum to decide the question of whether he may vote in Washington.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Clarification of Criminal Conviction (Dkt. 141) is **DENIED**.

DATED this 8th day of October, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge